### BREWSTER v. PAWSON.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

BREACH OF CONTRACT—PERFORMANCE BY PLAINTIFF.

In an action by a mother against her daughter to recover moneys paid by the former to the latter, the referee found that the plaintiff agreed to pay to defendant $2,000, to be used in building a house, in consideration of the defendant's agreement to furnish the plaintiff with two rooms therein, and board, during life; that the house was built accordingly; and that the defendant was ready and willing to perform, but that the plaintiff had only paid $1,700, and he dismissed the case on the ground of plaintiff's failure to perform. There was also evidence from which he might have found that the defendant subsequently agreed to give the plaintiff a mortgage to secure payment of the interest on $1,700 during her life. *Held*, upon conflicting evidence, that these conclusions were justified, but that the judgment should be modified to make the dismissal without prejudice to a new action by plaintiff upon the contract, after paying the $300 balance, or an action to compel the execution of a bond and mortgage.

Appeal from judgment on report of referee.

Action by Annie Brewster against Annie E. Pawson. From a judgment in favor of defendant, entered on the report of a referee, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Smith Lent, for appellant.

John H. Ferguson, for respondent.

GOODRICH, P. J. This action was originally brought against the present defendant and her husband, James O. Pawson. After the submission of the case to the referee, James died, and a stipulation was entered by the parties continuing the action against the present defendant alone. The plaintiff is the mother of the present defendant. The complaint alleges that on April 1, 1895, the plaintiff loaned

to the defendant the sum of $1,700, in consideration whereof the defendants promised to furnish the plaintiff with two rooms and board satisfactory to the plaintiff, during her lifetime; that it was understood that upon the death of the plaintiff the money was to become the property of the defendants; that immediately after the 1st of April the plaintiff went to the house of the defendants, in Yonkers, but the defendants refused to furnish rooms which were satisfactory to her, and also refused to furnish her board; and that the defendants have failed to comply with their agreement. The plaintiff demanded judgment for $1,700, with interest from April 1, 1895. The answer alleged that about May 7, 1895, the plaintiff made a contract with the defendants, agreeing to give them the sum of $2,000, upon consideration that they should board and lodge her during the remainder of her life, said sum to be used in the construction of a new house, in which two rooms were to be provided for the lodging of the plaintiff; that it was further agreed, in case the plaintiff should so elect, the defendants, instead of furnishing board and lodging, should pay her interest on said sum of $2,000, at the rate of 6 per cent. per annum, from the date of such election until the death of the plaintiff; that, in pursuance of such agreement, the defendants erected a dwelling house in which were provided two rooms, in conformity with said contract; that on June 4th the plaintiff paid the defendants the sum of $1,700, which was expended in the construction of the house, but that plaintiff refused to pay the balance of $300; and that the defendants had been at all times ready to fulfill their contract, but that the plaintiff had been unwilling to comply with the same by paying the sum of $300, or by accepting board and lodging, or by failing to make election or accepting interest on $1,700. The issues were referred to a referee, who finds:

"That the plaintiff herein, on or about May 7, 1895, agreed with the defendants herein to give them the sum of two thousand ($2.000) dollars for the purpose of building a house, if they would furnish her board and two rooms therein during her natural life; that the defendants built said house and furnished the rooms as agreed, and at the time of the completion of said house were ready and willing to allow the plaintiff the use of said rooms, and to furnish her board in accordance with said agreement; that the plaintiff gave to the defendants the sum of seventeen hundred ($1,700) dollars on account of the said two thousand ($2,000) dollars as agreed, but, although the defendants were ready and willing to perform the agreement on their part, the plaintiff refused to carry out the agreement on her part by not giving to the defendants the remaining sum of three hundred ($300) dollars in accordance with said agreement, thereby failing to keep her part of said agreement."

He also found, as conclusion of law, that the plaintiff is not entitled to recover the sum of $1,700, or any part thereof, and that the defendants are entitled to judgment dismissing the complaint. From the judgment entered upon this report, the defendant appeals.

The only question which requires consideration is whether there was sufficient evidence upon which to base the referee's findings of fact. Without analyzing the testimony, it is sufficient to say that the plaintiff's contention is supported by her evidence alone, and that the defendant's contention is supported by her own testimony and that of her husband, as well as that of the architect of the house.

The referee had abundant basis for his findings. The contract to give the defendants $2,000 was entire. It was not satisfied by the advancement of a less sum, and the plaintiff cannot recover without showing performance of her contract. If she had complied with her agreement, or even if she should now comply, by paying the remaining $300, and the defendant should refuse to furnish her with board and lodging as agreed, she could maintain her action for any breach of the contract, but no such question arises upon the present appeal. There is some evidence upon which the referee might have found that the original agreement was superseded by a new one, by which the defendant agreed, and is still willing, to give the plaintiff a mortgage to secure the payment to the plaintiff, during her life, of the interest on the $1,700 already advanced.

The judgment should be modified so as to direct the dismissal of the complaint without prejudice to any action the plaintiff may hereafter bring upon the contract after she has advanced the remaining $300, or any action to compel the defendants to execute a bond and mortgage to her for the amount already advanced; and, as modified, the judgment should be affirmed, without costs of this appeal to either party. All concur.